Hillary Arrow Booth (SBN 125936)
hbooth@boothllp.com
Ian P. Culver (SBN 245106)
iculver@boothllp.com
BOOTH LLP
11835 W. Olympic Blvd., Suite 600E
Los Angeles, CA 90064
Telephone: (310) 641-1800
Facsimile: (310) 641-1818

Attorneys for Plaintiff Mothership Technologies Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MOTHERSHIP TECHNOLOGIES INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL FREIGHT LINES INC., a Texas corporation, and DOES 1 to 10, inclusive, <br><br> Defendants. | Case No. <br><br> Assigned to Hon. <br> Courtroom <br><br> **COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** <br><br> [28 U.S.C. § 1332] <br><br><br> Complaint Filed: December 1, 2020 <br> Trial Date: |

Plaintiff MOTHERSHIP TECHNOLOGIES INC. ("Mothership" or "Plaintiff") alleges the following:

### PARTIES, JURISDICTION, AND VENUE

1.     Mothership is a California corporation headquartered in the County of Los Angeles, State of California. Mothership is a federally licensed freight broker operating throughout the United States byway of its mobile applications and other means.

1

**COMPLAINT FOR DAMAGES**

2.      Defendant CENTRAL FREIGHT LINES INC. ("CFL") is a Texas corporation with its principal place of business in Waco, Texas doing business throughout the United States including the State of California and the County of Los Angeles.  CFL is a federally licensed motor carrier.

3.      The true names and capacities, whether individual, corporate, associate or otherwise, of DOES 1-10, are unknown to Mothership, who therefore sues said Defendants by such fictitious names, and Mothership prays leave to amend this Complaint when their true names and capacities have been ascertained. Collectively, CFL and Defendants are referred to herein as "Defendants."

4.      At all times herein mentioned each Defendant was an agent, servant, employee, partner and joint venturer of the other Defendants, and each of them, and that at all times herein mentioned, each Defendant was acting within the course and scope of his relationship as agent, servant, employee, partner and joint venturer of the other Defendants, and each of them.

5.      This Court has personal jurisdiction over the parties hereto and venue is proper in this Court because the operative Terms of Service nominates this Court as an appropriate venue for any disputes between Mothership and persons with whom it contracts, and Los Angeles County is the situs of the claims raised herein. 28 U.S.C. § 1391.  This Court has original jurisdiction over this action pursuant to Title 28 United States Code section 1332 in that, as set forth above, there is complete diversity between the parties and the matters in controversy exceed $75,000.00, exclusive of interest and costs, as set forth more fully herein.

## FACTUAL BACKGROUND

6.      Beginning in or about July 2020, Mothership began providing freight brokerage services to CFL pursuant to its standard Terms and Conditions, available at: https://support.mothership.com/en/articles/969865-terms-of-service.

COMPLAINT FOR DAMAGES

Mothership had additionally extended to CFL certain rates and fifteen (15) day payment terms by tariffs.

7.     Beginning in mid-October 2020, CFL failed to pay Mothership's invoices as they came due.

8.     On November 16, 2020, Mothership suspended CFL's account for nonpayment.

9.     As of November 30, 2020, there is due and owing the amount of $504,584, including invoices totaling $3,185.00 coming past due on December 6, 2020.  Pursuant to Mothership's standard Terms and Conditions, interest accrues on the past due balance at the rate of 18% per annum.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract against all Defendants)

10.     Mothership incorporates by reference and reasserts the allegations of all preceding paragraphs as though fully set forth herein.

11.     On or about July 30, 2020, Mothership began providing freight brokerage services to Defendants pursuant to Mothership's standard Terms and Conditions, as Defendants agreed by acceptance and use of the Mothership platform, among other things.

12.     At all times, Mothership satisfied its contractual obligations to Defendants by providing freight brokerage services.

13.     At no time have Defendants complained about the services provided by Mothership, and certainly not in a manner consistent with the requirements set forth in the standard Terms and Conditions.  On November 24, 2020, Defendants, through CFL's CEO Michael Brennan in an e-mail, acknowledged the debt by promising to get Mothership "paid ASAP."

14.     For its part, Defendants failed to perform by timely paying for services provided by Mothership.

**COMPLAINT FOR DAMAGES**

15.     As a result of Defendants' failure to pay for Mothership's freight brokerage services, Mothership has been harmed in the amount of $504,584, including invoices totaling $3,185.00 coming past due on December 6, 2020. Pursuant to Mothership's standard Terms and Conditions, interest accrues on the past due balance at the rate of 18% per annum.

16.     By virtue of its role as a freight broker, Mothership incurred legal obligations to licensed motor carriers, to which Mothership was obligated to pay, and did pay, for transportation services despite nonpayment from Defendants.

17.     Pursuant to Mothership's standard Terms and Conditions, Mothership is additionally entitled to recover its costs and attorney's fees.

### SECOND CLAIM FOR RELIEF
**(Open Book Accounts against all Defendants)**

18.     Mothership incorporates and reasserts the allegations of all preceding paragraphs as though fully set forth herein.

19.     Defendants owe Mothership the combined total of $504,584, including invoices totaling $3,185.00 coming past due on December 6, 2020, on an open book account.  A true and correct copy of the statement of account is attached hereto as Exhibit "A."

20.     Mothership has demanded payment of the amount owing by Defendants, but Defendants have failed and refused to pay these amounts. Previously, Defendants paid on the open book account of Mothership, but stopped paying while the amount stated herein remained due and owing.

21.     By reason of the foregoing, Mothership has been directly and proximately damaged by Defendants' failure to pay the amounts owing on the open accounts and are entitled to recover the same from Defendants.

//

### THIRD CLAIM FOR RELIEF

**(*Quantum Meruit*/Unjust Enrichment/Implied Contract against Defendants)**

22.     Mothership incorporates and reasserts the allegations of all preceding paragraphs as though fully set forth herein.

23.     Mothership provided transportation and logistics services for the benefit of and with the knowledge, authorization, and consent of Defendants, and these services were accepted, used and enjoyed, and the benefits of these services were otherwise realized by Defendants.  Mothership thereby conferred benefits upon Defendants and the retention of the benefits of such services by Defendants would, under the circumstances, make it inequitable for Defendants to retain such benefits without paying the reasonable value thereof.

24.     At the time Mothership furnished the services for the benefit of Defendants, Mothership reasonably expected to be paid therefor and Defendants voluntarily and knowingly accepted the benefit of the services furnished by Mothership with full knowledge and reason to know that Mothership expected to be paid therefor.

25.     The fair and reasonable value of the services provided by Mothership to and unjustly retained by Defendants is at least $507,769.00, including interest. Despite demands, Defendants have refused and continue to unreasonably refuse to pay Plaintiff the money owed for the services provided.  Accordingly, Mothership has been damaged by Defendants' failure to pay the reasonable value of the transportation related services, and is entitled to recover from Defendants an amount no less than $507,769.00.

//
//
//
//
//

5

**COMPLAINT FOR DAMAGES**

## **PRAYER**

**WHEREFORE**, Plaintiff respectfully prays to the Court for the following relief:

1.      That Judgment be entered in favor of Mothership against Defendants for the actual compensatory damages set forth hereinabove in each claim for relief;

2.      That Mothership be awarded interest on the principal amounts owed as allowed by law or contract;

3.      That Plaintiff be awarded its attorneys' fees as allowed by contract;

4.      That the costs of this action be taxed against Defendants as allowed by law; and

5.      That the Court may grant such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Mothership demands a jury trial on all issues so triable.

Dated: December 1, 2020          BOOTH LLP


By:      _/s/ Ian P. Culver_
         Hillary Arrow Booth
         Ian P. Culver
         Counsel for Plaintiff MOTHERSHIP
         TECHNOLOGIES INC.

**COMPLAINT FOR DAMAGES**